UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---------------------------------------------------------------------------------------------------------------

COLE NOELDNER,

        Plaintiff,

Case No.  3:21-CV-0244

    - v -

TAYLOR COUNTY, BRUCE DANIELS
(Former Sheriff of Taylor County),
SHERIFF LARRY WOEBBEKING,
LOGAN SCOLES, AARON BERNAS,
RHONDA SACKMAN, JOHN DOES 1-10,
BAILEE CHEEVER, WISCONSIN COUNTY
MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

        Defendants,

---------------------------------------------------------------------------------------------------------------

## DEFENDANT BAILEE CHEEVER'S ANSWER
## AND AFFIRMATIVE DEFENSES

---------------------------------------------------------------------------------------------------------------

NOW COMES the defendant, Bailee Cheever, by her attorneys, Mallery s.c. by Andrew P. Smith, and as and for her Answer and Affirmative Defenses to the plaintiff's Amended Complaint states as follows:

1.    Answering paragraph 1 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 1 of the Amended Complaint.

2.    Answering paragraph 2 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 2 of the Amended Complaint.

3.    Answering paragraph 3 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 3 of the plaintiff's Amended Complaint.

4.    Answering paragraph 4 of the plaintiff's Amended Complaint, this answering defendant admits that Venue is properly situated in this Court.

## THE PARTIES

5.     Answering paragraph 5 of the plaintiff's Amended Complaint, this answering defendant admits that the plaintiff is a citizen of the State of Wisconsin, is currently incarcerated at the Dodge Correctional Institution, and was incarcerated at the Taylor County Jail.  This answering defendant denies that the plaintiff was sexually assaulted as that term is defined in civil law.

6.     Answering paragraph 6 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 6 of the Amended Complaint.

7.     Answering paragraph 7 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 7 of the Amended Complaint.

8.     Answering paragraph 8 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 8 of the Amended Complaint.

9.     Answering paragraph 9 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and, therefore, denies them.

10.     Answering paragraph 10 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Amended Complaint and, therefore, denies them.

11.     Answering paragraph 11 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint and, therefore, denies them.

12.     Answering paragraph 12 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and, therefore, denies them.

13.     Answering paragraph 13 of the plaintiff's Amended Complaint, this answering defendant admits that collectively, defendants, Taylor County, Daniels, Woebbeking, Scoles, Bernas, Sackman and John Does 1-10 may be referred to as the "County Defendants."

14.     Answering paragraph 14 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 14 of the Amended Complaint.

15.     Answering paragraph 15 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 15 of the amended complaint but affirmatively states that "Wisconsin County Mutual" is correctly named Wisconsin County Mutual Insurance Corporation.

16.     Answering paragraph 16 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint and, therefore, denies them.

17.     Answering paragraph 17 of the plaintiff's Amended Complaint, this answering defendant agrees with the statement contained in paragraph 17 of the Amended Complaint.

18.     Answering paragraph 18 of the plaintiff's Amended Complaint, this answering defendant agrees with the statement contained in paragraph 18 of the Amended Complaint.

## STATEMENT OF FACTS

19.     Answering paragraph 19 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Amended Complaint and, therefore, denies them.

20.     Answering paragraph 20 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint and, therefore, denies them.

21.     Answering paragraph 21 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 21 of the Amended Complaint.

22.     Answering paragraph 22 of the plaintiff's Amended Complaint, this answering defendant admits that she had sexual contact with the plaintiff and denies the remaining allegations contained in paragraph 22 of the Amended Complaint.

23.     Answering paragraph 23 of the plaintiff's Amended Complaint, this answering defendant denies that the allegations contained in paragraph 23 of the Amended Complaint are a correct statement of the law or the Wisconsin Statutes.

24.     Answering paragraph 24 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and, therefore, denies them.

25.     Answering paragraph 25 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 25 of the Amended Complaint.

26.     Answering paragraph 26 of the plaintiff's Amended Complaint, this answering defendant denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     Answering paragraph 27 of the plaintiff's Amended Complaint, this answering defendant admits that she sent text messages to the plaintiff and denies the remaining allegations contained in paragraph 27 of the Amended Complaint.

28.     Answering paragraph 28 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint and, therefore, denies them.

29.     Answering paragraph 29 of the plaintiff's Amended Complaint, this answering defendant admits that the jail had an intercom system as described in the paragraph and lacks

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Amended Complaint and, therefore, denies the remaining allegations.

30.     Answering paragraph 30 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and, therefore, denies them.

31.     Answering paragraph 31 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint and, therefore, denies them.

32.     Answering paragraph 32 of the plaintiff's Amended Complaint, this answering defendant admits that the jail has a video security system to monitor activities within the jail but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of the Amended Complaint and, therefore, denies the remaining allegations.

33.     Answering paragraph 33 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint and, therefore, denies them.

34.     Answering paragraph 34 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint and, therefore, denies them.

35.     Answering paragraph 35 of the plaintiff's Amended Complaint, this answering defendant admits that Exhibit C, attached to the Amended Complaint appears to be a PREA policy but lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Amended Complaint and, therefore, denies them.

36.     Answering paragraph 36 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Amended Complaint and, therefore, denies them.

37.     Answering paragraph 37 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Amended Complaint and, therefore, denies them.

38.     Answering paragraph 38 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint and, therefore, denies them.

39.     Answering paragraph 39 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint and, therefore, denies them.

40.     Answering paragraph 40 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint and, therefore, denies them.

41.     Answering paragraph 41 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Amended Complaint and, therefore, denies them.

42.     Answering paragraph 42 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint and, therefore, denies them.

43.     Answering paragraph 43 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and, therefore, denies them.

44.     Answering paragraph 44 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Amended Complaint and, therefore, denies them.

45.     Answering paragraph 45 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Amended Complaint and, therefore, denies them.

46.     Answering paragraph 46 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint and, therefore, denies them.

47.     Answering paragraph 47 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Amended Complaint and, therefore, denies them.

48.     Answering paragraph 48 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint and, therefore, denies them.

49.     Answering paragraph 49 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Amended Complaint and, therefore, denies them.

**COUNT 1**
**Federal Constitutional Violation:  Fourteenth Amendment**
**(Against Cheever)**

50.     Answering paragraph 50 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 50.

51.    Answering paragraph 51 of the plaintiff's Amended Complaint, this answering defendant denies the allegations contained in paragraph 51 of the Amended Complaint.

### COUNT 2
**Federal Constitutional Violation:  Fourteenth Amendment**
**(Against All Defendants)**

52.    Answering paragraph 52 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 52.

53.    Answering paragraph 53 of the plaintiff's Amended Complaint, this answering defendant denies the allegations contained in paragraph 53 of the Amended Complaint.

### COUNT 3
**Federal Constitutional Violation:  Fourteenth Amendment**
**(Against Taylor County, Daniels and Woebbeking)**

54.    Answering paragraph 54 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 54.

55.    Answering paragraph 55 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint and, therefore, denies them.

### COUNT 4
**State Law Violation:  Battery**
**(Against Cheever)**

56.    Answering paragraph 56 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 56.

57.    Answering paragraph 57 of the plaintiff's Amended Complaint, this answering defendant denies the allegations contained in paragraph 57 of the Amended Complaint.

## COUNT 5
### State Law Violation:  Intentional Infliction of Emotional Distress
### (Against Cheever)

58.     Answering paragraph 58 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 58.

59.     Answering paragraph 59 of the plaintiff's Amended Complaint, this answering defendant denies the allegations contained in paragraph 59 of the Amended Complaint.

## COUNT 6
### Failure to Train and Supervise
### (Against Woebbeking – pursuant to Wis. Stat. § 1983)

60.     Answering paragraph 60 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 60.

61.     Answering paragraph 61 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and, therefore, denies them.

62.     Answering paragraph 62 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Amended Complaint and, therefore, denies them.

63.     Answering paragraph 63 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and, therefore, denies them.

64.     Answering paragraph 64 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint and, therefore, denies them.

65.     Answering paragraph 65 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended Complaint and, therefore, denies them.

### COUNT 7
### Municipal (*Monell*) Liability
### (Against County, Daniels and Woebbeking – pursuant to Wis. Stat. § 1983)

66.     Answering paragraph 66 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 66.

67.     Answering paragraph 67 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Amended Complaint and, therefore, denies them.

68.     Answering paragraph 68 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Amended Complaint and, therefore, denies them.

69.     Answering paragraph 69 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended Complaint and, therefore, denies them.

70.     Answering paragraph 70 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended Complaint and, therefore, denies them.

71.     Answering paragraph 71 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended Complaint and, therefore, denies them.

72.     Answering paragraph 72 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Amended Complaint and, therefore, denies them.

73.     Answering paragraph 73 of the plaintiff's Amended Complaint, this answering defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Amended Complaint and, therefore, denies them.

**COUNT 8**
**State Law Indemnification**
**(Against Defendant Taylor County)**

74.     Answering paragraph 74 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 74.

75.     Answering paragraph 75 of the plaintiff's Amended Complaint, this answering defendant admits the allegations made in paragraph 75 of the Amended Complaint.

76.     Answering paragraph 76 of the plaintiff's Amended Complaint, this answering defendant admits the allegations made in paragraph 76 of the Amended Complaint.

**COUNT 9**
**Direct Action Statute – Wis. Stat. § 632.24**
**(Against Defendant Insurance Companies)**

77.     Answering paragraph 77 of the plaintiff's Amended Complaint, this answering defendant realleges her responses to the allegations contained in the preceding paragraphs of the plaintiff's Amended Complaint as alleged in paragraph 77.

78.     Answering paragraph 78 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 78 of the Amended Complaint.

79.     Answering paragraph 79 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 79 of the Amended Complaint.

80.     Answering paragraph 80 of the plaintiff's Amended Complaint, this answering defendant admits the allegations contained in paragraph 80 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

As and for defendant, Bailee Cheever's affirmative defenses to plaintiff's Amended Complaint, this defendant shows unto the Court as follows:

1.     The plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against the defendant, Bailee Cheever.

2.     Upon information and belief, the plaintiff may have failed to exhaust his administrative remedies.

3.     The defendant did not act in a nonconsensual manner toward the plaintiff.

4.     The plaintiff, Cole Noeldner, may have failed to mitigate his damages, if any.

5.     Any liability of the defendant, Bailee Cheever, for injuries and damages, if any suffered by plaintiff is limited to $50,000.00 pursuant to Section 893.80, Wis. Stats.

6.     This answering defendant is entitled to indemnification from her former employer pursuant to Section 895.46, Wis. Stats.

7.     The defendant, Bailee Cheever, did not intend to harm the plaintiff in any manner.

WHEREFORE the defendant, Bailee Cheever, demands judgment for dismissal of the plaintiff's Complaint, for costs and disbursements of this action and for such other and further relief as the Court deems just and equitable.

## **JURY DEMAND**

This answering defendant demands that the matter be tried before a jury.

Dated this 6th day of July, 2021.

MALLERY s.c.
Attorneys for Defendant Bailee Cheever
s/ Andrew P. Smith
Andrew P. Smith

State Bar No. 1001416
8-A West Davenport Street, Suite 200
P. O. Box 841
Rhinelander, Wisconsin 54501
Telephone Number:  (715) 420-0717
E-mail:  asmith@mallerysc.com