UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLE NOELDNER,

    Plaintiff,

- v -                                                  Case No.  3:21-CV-0244

TAYLOR COUNTY, BRUCE DANIELS
(Former Sheriff of Taylor County),
SHERIFF LARRY WOEBBEKING,
LOGAN SCOLES, AARON BERNAS,
RHONDA SACKMAN, JOHN DOES 1-10,
BAILEE CHEEVER, WISCONSIN COUNTY
MUTUAL INSURANCE COMPANY, and
ABC INSURANCE COMPANY,

    Defendants,

---

**DEFENDANT BAILEE CHEEVER'S REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT FOR FAILURE
TO EXHAUST ADMINISTRATIVE REMEDIES**

---

On May 3, 2022, defendant Bailee Cheever filed a motion for summary judgment. [Doc. 35]. Defendant Cheever also filed Proposed Findings of Fact and a supporting Affidavit. [Docs. 37-38].

Defendant Cheever's motion was filed pursuant to the Court's Preliminary Pretrial Conference Order dated July 23, 2021. [Doc. 27]. On May 3, 2022, consistent with the Preliminary Pretrial Conference Order, the Court set May 24, 2022 as the deadline for filing a response in opposition to defendant Cheever's motion. Notification of this deadline was e-mailed to five separate e-mail addresses listed for the plaintiff. *Id*. The Court's Preliminary Pretrial Conference Order, all of the documents relating to defendant Cheever's motion, and the Court's

briefing schedule were provided to the plaintiff, through his counsel. The plaintiff was aware of these deadlines established by the Court.

The plaintiff has not responded to defendant Cheever's motion. The plaintiff has filed no documents with the Court since the filing of the defendant Cheever's motion. He has not followed the rules for responding to a dispositive motion or the directives in the Court's Preliminary Pretrial Conference Order.

The failure to meaningfully oppose an argument operates as a waiver. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007). Similarly, the plaintiff's failure to respond to the defendant's arguments constitutes acquiescence to these arguments. *Cincinnati Insurance Co. v. Eastern Atlantic Insurance Co.*, 260 F. 3d 742, 747 (7th Cir. 2001). By failing to respond to the defendant's arguments, the plaintiff concedes, apparently, the correctness of the defendant's statements of law.

A court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F. 3d 656, 658 (7th Cir. 2002). Moreover, "federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995).

In this case, the plaintiff has elected to not file any response to defendant Cheever's motion for summary judgment. The defendant Cheever is entitled to judgment dismissing the case against her.

"[S]ummary judgment 'is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wis.*

*Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)*). In this case, defendant Cheever's motion put the plaintiff on notice that he was required to show his evidence. He has failed to do so. Defendant Cheever is entitled to judgment in her favor as a result. The claims against defendant Cheever must be dismissed.

Dated this 25th day of May, 2022.

KOPKA PINKUS DOLIN PC
Attorneys for Defendant Bailee Cheever

s/ Andrew P. Smith
Andrew P. Smith
State Bar No. 1001416

Physical Address:
8-A West Davenport Street, Suite 200
Rhinelander, Wisconsin 54501
Telephone Number: (715) 420-0717
E-mail: apsmith@kopkalaw.com

Mailing Address:
N19W24200 Riverwood Drive, Suite 140
Waukesha, WI 53188-1191